### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| CHARLES E. ANDERSON, Trustee, on behalf of PAINTERS' DISTRICT COUNCIL NO. 30 HEALTH AND WELFARE FUND, PAINTERS' DISTRICT COUNCIL NO. 30 PENSION FUND, and NORTHERN ILLINOIS PAINTERS, DECORATORS AND DRYWALL FINISHERS JOINT APPRENTICESHIP AND TRAINING FUND; DONALD STEADMAN, Trustee, on behalf of the NORTHERN ILLINOIS PAINTING AND DRYWALL INSTITUTE; and the DISTRICT COUNCIL NO. 30 OF THE INTERNATIONAL UNION OF PAINTERS AND ALLIED TRADES, AFL-CIO, a labor organization, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) ) | Case No. 08 CV 2770 |
| v. | ) ) ) | Judge Kocoras |
| DE'COR CONSTRUCTION, INC. an Illinois Corporation, and ROBERT OLSZEWSKI in his individual capacity, and BRIDGET OLSZEWSKI in her individual capacity, | ) ) ) ) ) ) | |
| Defendants. | ) ) | |

### MOTION FOR DEFAULT AND DEFAULT JUDGMENT

Plaintiffs, through counsel, move the Court under Fed.R.Civ.P. ("Rule") 55(b) for an order directing the Clerk of the Court to enter a default and default judgment against Defendants De'Cor Construction, Inc. ("De'Cor"), Robert Olszewski, and Bridget Olszewski, and in support state:

      1.      This is an action to collect contributions, dues, and assessments owed to employee benefit plans and a union.

2.    The complaint was filed on May 13, 2008. Plaintiffs requested that Defendants waive service on May 14, 2008, and Defendants De'Cor, Robert Olszewski, and Bridget Olszewski, each through counsel, executed waivers of service of summons. Plaintiffs filed Defendants' executed waivers as follows: De'Cor, June 24, 2008; Robert Olszewski, June 26, 2008; and, Bridget Olszewski, June 24, 2008. [9][10][11]

3.    Defendants De'Cor, Robert Olszewski, and Bridget Olszewski have failed to appear, answer, or otherwise respond to the complaint within the time prescribed by Rule 12 and are therefore are default.

4.    The total amount Defendants De'Cor, Robert Olszewski, and Bridget Olszewski owe the Benefit Fund Plaintiffs is $246,358.54.[1,2] This amount consists of:

    (a) $120,643.50 in delinquent contributions revealed by an audit covering the period of January 1, 2004 through December 31, 2007 ("Audit Period");

    (b) $57,114.67 in total interest through July 15, 2008;

    (c) $57,114.67 in interest as the greater of statutory liquidated damages or interest as provided by ERISA § 502(g)(2)(C)(ii);

    (d) $2,568.13 in audit costs; and

    (e) $8,917.57 in attorneys' fees and costs.

5.    Additionally, Defendants De'Cor, Robert Olszewski, and Bridget Olszewski owe the Plaintiff Union the total amount of $13,186.56.[3] This amount consists of:

    (a) $5,966.76 in union dues;

    (b) $2,280.90 in defense fund assessments;

---

[1] Ex. 2 – Declaration of Ryan Anderson and Exhibits thereto [regarding audit findings and interest on audit findings]

[2] Ex. 3 – Declaration of M. Garrett Hohimer [regarding attorneys' fees and costs].)

[3] Ex. 2 – Declaration of Ryan Anderson and Exhibits thereto

(c) $4,356.85 in Northern Illinois Painting and Drywall Institute assessments; and

(d) $582.05 in contributions to the Painters & Allied Trade Labor Management Cooperation Fund.

**WHEREFORE,** Plaintiffs request that the Court direct the Clerk of the District Court to enter a default and default judgment in Plaintiffs' favor and jointly and severally against Defendants De'Cor Construction, Inc., Robert Olszewski, and Bridget Olszewski, in conformity with the complaint and the attached declarations with exhibits. A draft Order is attached hereto as Exhibit 1.

Respectfully submitted,

/s/ M. Garrett Hohimer
M. Garrett Hohimer
One of Plaintiff's Attorneys

Marisel Hernandez
M. Garrett Hohimer
Jacobs, Burns, Orlove, Stanton and Hernandez
122 S. Michigan Avenue, Suite 1720
Chicago, IL 60603
(312) 372-1646

# Exhibit 1

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHARLES E. ANDERSON, Trustee, on behalf of PAINTERS' DISTRICT COUNCIL NO. 30 HEALTH AND WELFARE FUND, PAINTERS' DISTRICT COUNCIL NO. 30 PENSION FUND, and NORTHERN ILLINOIS PAINTERS, DECORATORS AND DRYWALL FINISHERS JOINT APPRENTICESHIP AND TRAINING FUND; DONALD STEADMAN, Trustee, on behalf of the NORTHERN ILLINOIS PAINTING AND DRYWALL INSTITUTE; and the DISTRICT COUNCIL NO. 30 OF THE INTERNATIONAL UNION OF PAINTERS AND ALLIED TRADES, AFL-CIO, a labor organization, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) ) |
| DE'COR CONSTRUCTION, INC. an Illinois Corporation, and ROBERT OLSZEWSKI in his individual capacity, and BRIDGET OLSZEWSKI in her individual capacity, | ) ) ) ) ) |
| Defendants. | ) ) |

Case No.  08 CV 2770

Judge Kocoras

## ORDER

This matter having come before the Court on Plaintiffs' Motion for Judgment by Default, and

the Court having jurisdiction of the parties and the subject matter, and having been fully advised of

the premises and that Defendants have executed a waiver of service, but failed to appear, answer, or

otherwise defend this cause in any way, it is hereby ordered as follows:

1.    That Plaintiff's Motion is granted and that Defendants are in default;

2.    That a JUDGMENT be entered in favor of Plaintiff Charles E. Anderson, Trustee, on be-

       half of the Painters' District Council No. 30 Health and Welfare Fund, the Painters' Dis-

trict Council No. 30 Pension Fund, and the Northern Illinois Painters, Decorators and Drywall Finishers Joint Apprenticeship and Training Fund; Plaintiff Donald Steadman, Trustee, on behalf of the Northern Illinois Painting and Drywall Institute; and Plaintiff District Council No. 30 of the International Union of Painters and Allied Trades, AFL-CIO, and jointly and severally against Defendants De'Cor Construction, Inc. ("De'Cor"), Robert Olszewski, and Bridget Olszewski in the total amount of $259,545.10. This amount consists of:

(a)  $120,643.50 in delinquent contributions disclosed by an audit covering the period of January 1, 2004 through December 31, 2007 ("Audit Period");

(b)  $57,114.67 in total interest through July 15, 2008;

(c)  $57,114.67 in interest as the greater of statutory liquidated damages or interest as provided by ERISA § 502(g)(2)(C)(ii);

(d)  $2,568.13 in audit costs;

(e)  $8,917.57 in attorneys fees and costs;

(f)  $5,966.76 in union dues;

(g)  $2,280.90 in defense fund assessments;

(h)  $4,356.85 in Northern Illinois Painting and Drywall Institute assessments; and

(i)  $582.05 in contributions to the Painters and Allied Trade Labor Management Cooperative Initiative, for the Audit Period;

2

3.  That Defendants are enjoined from failing to submit accurate contribution reports;

4.  That Plaintiffs are awarded execution for the collection of the judgment, fees and costs

    granted; and

5.  That the Court retains jurisdiction of this cause to enforce this Order.


ENTERED: _____          _____

                                              UNITED STATES DISTRICT JUDGE

3

# Exhibit 2

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CHARLES E. ANDERSON, Trustee, on behalf of )
PAINTERS' DISTRICT COUNCIL NO. 30 )
HEALTH AND WELFARE FUND, PAINTERS' )
DISTRICT COUNCIL NO. 30 PENSION FUND, )
and NORTHERN ILLINOIS PAINTERS, )
DECORATORS AND DRYWALL FINISHERS )
JOINT APPRENTICESHIP AND TRAINING )
FUND; DONALD STEADMAN, Trustee, on behalf )
of the NORTHERN ILLINOIS PAINTING AND )
DRYWALL INSTITUTE; and the DISTRICT )
COUNCIL NO. 30 OF THE INTERNATIONAL )
UNION OF PAINTERS AND ALLIED TRADES, )
AFL-CIO, a labor organization, )
                                   )
                    Plaintiffs, )
                                   )
            v. )
                                   )
DE'COR CONSTRUCTION, INC. an Illinois )
Corporation, and ROBERT OLSZEWSKI in his )
individual capacity, and BRIDGET OLSZEWSKI in )
her individual capacity, )
                                   )
                    Defendants. )

Case No. 08 CV 2770

Judge Kocoras

## DECLARATION OF RYAN ANDERSON

I, Ryan Anderson, pursuant to 28 U.S.C. § 1746 declare under penalty of perjury that the following is true and correct.

1.      I am the Director of Organizational Development of the benefit fund Plaintiffs. In that capacity, I maintain files and records for all employers, including Defendant De'Cor Construction, Inc. ("De'Cor"), obligated to contribute to the benefit fund Plaintiffs. Defendants Robert Olszewski and Bridget Olszewski are officers of De'Cor Construction, Inc. (collectively "Defendants") Defendants failed to maintain the proper bond amount in accordance with the

collective bargaining agreement ("CBA") and as such are personally liable for the delinquent contributions.

2.      This declaration is based upon the Plaintiffs' copies of Defendants' business and accounting records that are under my dominion and control, including the Payroll Audit Report of De'Cor's books and records for the period of January 1, 2004 through December 31, 2007 ("Audit Period"), and my calculations of accrued interest on the contribution delinquencies for the Audit Period. True, correct and complete copies of my calculations on these amounts, including interest calculation, are attached as Ex. A (Audit Report delinquencies), and Ex. B (Updated Interest Calculation on Audit Report delinquencies).

3.      After applying all just credits, Defendants owe the benefit fund Plaintiffs a total of $246,108.54. This amount consists of: $120,643.50 in delinquent contributions revealed by an audit covering the period of January 1, 2004 through December 31, 2007 ("Audit Period"); $57,114.67 in total interest through July 15, 2008; $57,114.67 in interest as the greater of statutory liquidated damages or interest as provided by ERISA § 502(g)(2)(C)(ii); $2,568.13 in audit costs; and Defendants are also liable for Plaintiffs' attorney's fees and costs under the applicable labor agreements, governing trust agreements, and ERISA § 502(g)(2).

4.      After applying all just credits, Defendants owe the Plaintiff union the total amount of $13,186.56. This amount consists of: (a) $5,966.76 in union dues; (b) $2,280.90 in defense fund assessments; (c) $4,356.85 in Northern Illinois Painting and Drywall Institute assessments;

and (d) $582.05 in contributions to the Painters and Allied Trades Labor Management Cooperative Initiative, for the Audit Period.

Executed on July 15, 2008.

_Ryan Anderson_

Ryan Anderson

Subscribed and sworn to before me
this 15th day of July , 2008.

_Mary E Braun_
NOTARY PUBLIC

OFFICIAL SEAL
MARY E BRAUN
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:05/30/10

# Exhibit A

DE'COR CONSTRUCTION. - #2383

AUDIT PERIOD:  JANUARY 1, 2004 - DECEMBER 31, 2007

BILLING SUMMARY

| | |
|---|---|
| HEALTH AND WELFARE FUND | $ 1,104.09 |
| PDC #30 PENSION FUND | $ 1,121.34 |
| APPRENTICESHIP FUND | $      94.88 |
| DEFENSE | $      34.50 |
| NIPDI | $      91.42 |
| DISTRICT COUNCIL #30 | $    121.90 |
| TOTAL AUDIT COST | $ 2,568.13 |

<u>DE'COR CONSTRUCTION</u>
<u>360 DUBLIN ROAD</u>
<u>BLOOMINGDALE, IL 60108</u>

<u>EMPLOYER # 2383</u>

<u>JANUARY 1, 2004 – DECEMBER 31, 2007</u>

## BANSLEY AND KIENER, L.L.P.
### CERTIFIED PUBLIC ACCOUNTANTS
O'HARE PLAZA
8745 WEST HIGGINS ROAD, SUITE 200
CHICAGO, ILLINOIS 60631
AREA CODE 312 263.2700

March 31, 2008

Board of Trustees
Painters District Council No. 30
   Joint Benefit Funds
1905 Sequoia Drive, Suite 201
Aurora, IL 60506

We have applied certain procedures, as discussed below, to the payroll records of De'Cor Construction, a contributing employer to the Painters District Council No. 30 Benefit Funds, for the period January 1, 2004 to December 31, 2007. The purpose of our review was to assist you in determining whether contributions to the Trust Funds are being made in accordance with the collective bargaining agreement in effect and with the Trust Agreement of the Fund. The propriety of the contributions is the responsibility of the employer's management.

Our procedures generally include a review of the pertinent provisions of the collective bargaining agreements and comparing underlying employer payroll records to Fund contribution records. The employer records we review may include payroll journals, individual earnings records, payroll tax returns, contribution reports, job classifications, and general disbursement records. The scope of this engagement is limited to records made available by the employer and would not necessarily disclose all exceptions in employer contributions to the Trust Fund. Any compensation paid to employees not disclosed to us or made part of the written record is not determinable by us and is not included in our review.

Our procedures relate to a review of the employer's payroll records only and do not extend to any financial statements of the contributing employer. The procedures were substantially less in scope than an audit of the financial statements of the contributing employer, the objective of which is the expression of an opinion on the contributing employer's financial statements. Accordingly, no such opinion is expressed.

The exceptions to employer contributions are noted on the accompanying report.

*Bansley and Kiener, L.L.P.*

BANSLEY and KIENER, L.L.P.
Certified Public Accountants

## PAINTER'S DISTRICT COUNCIL NO. 30

### SUMMARY REPORT

EMPLOYER:                    DE'COR CONSTRUCTION

EMPLOYER NUMBER:             2383

PAYROLL AUDIT PERIOD:        JANUARY 1, 2004 - DECEMBER 31, 2007

DATE OF AUDIT:               MARCH 24, 2008

CONTACT PERSON               BRIDGETTE OLSZEWSKI

|  | | Deficiency by year | | | |
| Benefit | 2004 | 2005 | 2006 | 2007 | Total |
|---|---|---|---|---|---|
| Health and Welfare | $ 9,313.10 | $ 14,588.95 | $ 12,940.60 | $ 27,635.60 | $ 64,478.25 |
| Pension | 7,960.60 | 13,970.20 | 11,816.25 | 17,792.00 | 51,539.05 |
| Apprenticeship Fund | 602.40 | 856.50 | 847.80 | 2,319.50 | 4,626.20 |
| Dues | 1,003.56 | 1,427.81 | 1,172.23 | 2,363.16 | 5,966.76 |
| Defense Fund | 354.30 | 571.00 | 476.80 | 878.80 | 2,280.90 |
| NIPDI | 634.47 | 1,070.86 | 879.17 | 1,772.35 | 4,356.85 |
| IBPAT LM&CF | 100.40 | 142.75 | 119.20 | 219.70 | 582.05 |
| Total Deficiencies | 19,968.83 | 32,628.07 | 28,252.05 | 52,981.11 | 133,830.06 |
| Liquidated Damages | | | | | $ 24,128.70 |
| Interest @ 1.5 % | | | | | $ 49,349.66 |
| Total Amount Due | | | | | $207,308.42 |

# Exhibit B

## DE'COR CONSTRUCTION

Compound Period  ......: Monthly

| | | |
|---|---|---|
| Nominal Annual Rate ..: | 18.000 | % |
| Effective Annual Rate .: | 19.562 | % |
| Periodic Rate ...............: | 1.5000 | % |
| Daily Rate .....................: | 0.04932 | % |

## CASH FLOW DATA

| | Event | Start Date | Amount | Number | Period | End Date |
|---|---|---|---|---|---|---|
| 1 | Loan | 02/15/2004 | 672.00 | 1 | | |
| 2 | Loan | 03/15/2004 | 3,360.00 | 1 | | |
| 3 | Loan | 04/15/2004 | 2,116.80 | 1 | | |
| 4 | Loan | 05/15/2004 | 1,797.60 | 1 | | |
| 5 | Loan | 06/15/2004 | 542.30 | 1 | | |
| 6 | Loan | 07/15/2004 | 1,870.00 | 1 | | |
| 7 | Loan | 08/15/2004 | 925.65 | 1 | | |
| 8 | Loan | 09/15/2004 | 757.35 | 1 | | |
| 9 | Loan | 10/15/2004 | 935.00 | 1 | | |
| 10 | Loan | 11/15/2004 | 935.00 | 1 | | |
| 11 | Loan | 12/15/2004 | 2,879.80 | 1 | | |
| 12 | Loan | 01/15/2005 | 1,084.60 | 1 | | |
| 13 | Loan | 02/15/2005 | 1,393.15 | 1 | | |
| 14 | Loan | 04/15/2005 | 1,009.80 | 1 | | |
| 15 | Loan | 05/15/2005 | 1,159.40 | 1 | | |
| 16 | Loan | 07/15/2005 | 5,068.25 | 1 | | |
| 17 | Loan | 09/15/2005 | 9,405.00 | 1 | | |
| 18 | Loan | 10/15/2005 | 3,135.00 | 1 | | |
| 19 | Loan | 11/15/2005 | 4,441.25 | 1 | | |
| 20 | Loan | 12/15/2005 | 627.00 | 1 | | |
| 21 | Loan | 01/15/2006 | 3,176.80 | 1 | | |
| 22 | Loan | 02/15/2006 | 4,618.90 | 1 | | |
| 23 | Loan | 03/15/2006 | 1,630.20 | 1 | | |
| 24 | Loan | 04/15/2006 | 773.30 | 1 | | |
| 25 | Loan | 05/15/2006 | 4,033.70 | 1 | | |
| 26 | Loan | 06/15/2006 | 8,354.40 | 1 | | |
| 27 | Loan | 08/15/2006 | 5,038.60 | 1 | | |
| 28 | Loan | 09/15/2006 | 145.20 | 1 | | |
| 29 | Loan | 10/15/2006 | 1,010.35 | 1 | | |
| 30 | Loan | 02/15/2007 | 1,321.60 | 1 | | |
| 31 | Loan | 04/15/2007 | 2,643.20 | 1 | | |
| 32 | Loan | 05/15/2007 | 3,681.60 | 1 | | |
| 33 | Loan | 06/15/2007 | 1,345.00 | 1 | | |
| 34 | Loan | 07/15/2007 | 8,070.00 | 1 | | |
| 35 | Loan | 08/15/2007 | 1,798.80 | 1 | | |
| 36 | Loan | 12/15/2007 | 20,179.90 | 1 | | |
| 37 | Loan | 01/15/2008 | 8,707.00 | 1 | | |
| 38 | Payment | 07/15/2008 | 177,758.17 | 1 | | |

## AMORTIZATION SCHEDULE - Normal Amortization

| Date | Loan | Payment | Interest | Principal | Balance |
|---|---|---|---|---|---|
| Loan 02/15/2004 | 672.00 | | | | 672.00 |
| Loan 03/15/2004 | 3,360.00 | | 10.08 | 10.08- | 4,042.08 |
| Loan 04/15/2004 | 2,116.80 | | 60.63 | 60.63- | 6,219.51 |

DE'COR CONSTRUCTION

| | Date | Loan | Payment | Interest | Principal | Balance |
|---|---|---|---|---|---|---|
| Loan | 05/15/2004 | 1,797.60 | | 93.29 | 93.29- | 8,110.40 |
| Loan | 06/15/2004 | 542.30 | | 121.66 | 121.66- | 8,774.36 |
| Loan | 07/15/2004 | 1,870.00 | | 131.62 | 131.62- | 10,775.98 |
| Loan | 08/15/2004 | 925.65 | | 161.64 | 161.64- | 11,863.27 |
| Loan | 09/15/2004 | 757.35 | | 177.95 | 177.95- | 12,798.57 |
| Loan | 10/15/2004 | 935.00 | | 191.98 | 191.98- | 13,925.55 |
| Loan | 11/15/2004 | 935.00 | | 208.88 | 208.88- | 15,069.43 |
| Loan | 12/15/2004 | 2,879.80 | | 226.04 | 226.04- | 18,175.27 |
| 2004 | Totals | 16,791.50 | 0.00 | 1,383.77 | 1,383.77- | |
| | | | | | | |
| Loan | 01/15/2005 | 1,084.60 | | 272.63 | 272.63- | 19,532.50 |
| Loan | 02/15/2005 | 1,393.15 | | 292.99 | 292.99- | 21,218.64 |
| Loan | 04/15/2005 | 1,009.80 | | 641.33 | 641.33- | 22,869.77 |
| Loan | 05/15/2005 | 1,159.40 | | 343.05 | 343.05- | 24,372.22 |
| Loan | 07/15/2005 | 5,068.25 | | 736.65 | 736.65- | 30,177.12 |
| Loan | 09/15/2005 | 9,405.00 | | 912.10 | 912.10- | 40,494.22 |
| Loan | 10/15/2005 | 3,135.00 | | 607.41 | 607.41- | 44,236.63 |
| Loan | 11/15/2005 | 4,441.25 | | 663.55 | 663.55- | 49,341.43 |
| Loan | 12/15/2005 | 627.00 | | 740.12 | 740.12- | 50,708.55 |
| 2005 | Totals | 27,323.45 | 0.00 | 5,209.83 | 5,209.83- | |
| | | | | | | |
| Loan | 01/15/2006 | 3,176.80 | | 760.63 | 760.63- | 54,645.98 |
| Loan | 02/15/2006 | 4,618.90 | | 819.69 | 819.69- | 60,084.57 |
| Loan | 03/15/2006 | 1,630.20 | | 901.27 | 901.27- | 62,616.04 |
| Loan | 04/15/2006 | 773.30 | | 939.24 | 939.24- | 64,328.58 |
| Loan | 05/15/2006 | 4,033.70 | | 964.93 | 964.93- | 69,327.21 |
| Loan | 06/15/2006 | 8,354.40 | | 1,039.91 | 1,039.91- | 78,721.52 |
| Loan | 08/15/2006 | 5,038.00 | | 2,379.36 | 2,379.36- | 86,139.48 |
| Loan | 09/15/2006 | 145.20 | | 1,292.09 | 1,292.09- | 87,576.77 |
| Loan | 10/15/2006 | 1,010.35 | | 1,313.65 | 1,313.65- | 89,900.77 |
| 2006 | Totals | 28,781.45 | 0.00 | 10,410.77 | 10,410.77- | |
| | | | | | | |
| Loan | 02/15/2007 | 1,321.60 | | 5,516.63 | 5,516.63- | 96,739.00 |
| Loan | 04/15/2007 | 2,643.20 | | 2,923.94 | 2,923.94- | 102,306.14 |
| Loan | 05/15/2007 | 3,681.60 | | 1,534.59 | 1,534.59- | 107,522.33 |
| Loan | 06/15/2007 | 1,345.00 | | 1,612.83 | 1,612.83- | 110,480.16 |
| Loan | 07/15/2007 | 8,070.00 | | 1,657.20 | 1,657.20- | 120,207.36 |
| Loan | 08/15/2007 | 1,798.80 | | 1,803.11 | 1,803.11- | 123,809.27 |
| Loan | 12/15/2007 | 20,179.90 | | 7,597.38 | 7,597.38- | 151,586.55 |
| 2007 | Totals | 39,040.10 | 0.00 | 22,645.68 | 22,645.68- | |
| | | | | | | |
| Loan | 01/15/2008 | 8,707.00 | | 2,273.80 | 2,273.80- | 162,567.35 |
| 1 | 07/15/2008 | | 177,758.17 | 15,190.82 | 162,567.35 | 0.00 |
| 2008 | Totals | 8,707.00 | 177,758.17 | 17,464.62 | 160,293.55 | |
| | | | | | | |
| Grand Totals | | 120,643.50 | 177,758.17 | 57,114.67 | 120,643.50 | |

# Exhibit 3

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CHARLES E. ANDERSON, Trustee, on behalf of )
PAINTERS' DISTRICT COUNCIL NO. 30 )
HEALTH AND WELFARE FUND, PAINTERS' )
DISTRICT COUNCIL NO. 30 PENSION FUND, )
and NORTHERN ILLINOIS PAINTERS, )
DECORATORS AND DRYWALL FINISHERS )
JOINT APPRENTICESHIP AND TRAINING )
FUND; DONALD STEADMAN, Trustee, on behalf )
of the NORTHERN ILLINOIS PAINTING AND )
DRYWALL INSTITUTE; and the DISTRICT )
COUNCIL NO. 30 OF THE INTERNATIONAL )
UNION OF PAINTERS AND ALLIED TRADES, )
AFL-CIO, a labor organization, )
                                        )
                Plaintiffs,             )
        v.                              )
                                        )
DE'COR CONSTRUCTION, INC. an Illinois   )
Corporation, and ROBERT OLSZEWSKI in his )
individual capacity, and BRIDGET OLSZEWSKI in )
her individual capacity,                )
                                        )
                Defendants.             )

Case No.  08 CV 2770

Judge Kocoras

State of Illinois        )
                         ) SS:
County of Cook           )

## DECLARATION OF MARK GARRETT HOHIMER

I, Mark Garrett Hohimer, pursuant to 28 U.S.C. § 1746, declare under penalty of perjury

that the following is true and correct.

1.      I am an attorney and have been an associate with the law firm of Jacobs, Burns,

Orlove, Stanton & Hernandez ("JBOSH") since June 1, 2007.  I received my Juris Doctorate

degree from the University of Notre Dame Law School in 2006.  I am licensed to practice law in

Illinois (2007), and the Northern and Central Districts of Illinois (2007). I concentrate in the

areas of ERISA, union representation, and employment law, including the representation of

employee benefit funds in ERISA actions. I have personal knowledge of the facts set forth in this declaration and am competent to testify if necessary.

2.    Marisel A. Hernandez is an attorney and a partner in the law firm of Jacobs, Burns, Orlove, Stanton & Hernandez. She received her Juris Doctorate degree from New York University School of Law in 1982. She is licensed to practice in Illinois (1985), New York (1983), and New Jersey (1983), in the Northern District of Illinois (1989), the Southern District of New York (1984), and the United States Court of Appeals for the Seventh Circuit (1997). She concentrates in the areas of ERISA, union representation, and employment law, including the representation of employee benefit funds in ERISA actions.

3.    I have reviewed my firm's billing records on this matter and have determined that all of the work in connection with this case has been performed by Marisel A. Hernandez and me.

4.    My firm has spent a total of 32.3 billable hours on this matter. Marisel A. Hernandez has spent 3.0 billable hours on this matter, and I have spent a total of 29.3 billable hours on this matter. A reasonable and customary billing rate for the services performed by Marisel Hernandez is $350.00 per hour, and a reasonable and customary billing rate my services is $250.00 per hour. At these rates, attorneys' fees total $8,375.00.

5.    Plaintiffs have also incurred costs totaling $542.57 in connection with this matter. These costs include $350.00 in filing fees, a $22.91 fee incurred for overnight delivery, $24.50 for online public records research, and $145.16 for legal research.

6.    The above fees and costs, totaling $8,917.57, were all necessary and are reasonable in amount.

Executed on July 16, 2008.

M. Garrett Hohimer

Subscribed and sworn to before me
this 16th day of July, 2008.

_____
NOTARY PUBLIC



MIRIAM H. RIOS
OFFICIAL SEAL
Notary Public, State of Illinois
My Commission Expires
February 26, 2011

2