IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHARLES E. ANDERSON, Trustee, on behalf of PAINTERS' DISTRICT COUNCIL NO. 30 HEALTH AND WELFARE FUND, PAINTERS' DISTRICT COUNCIL NO. 30 PENSION FUND, and NORTHERN ILLINOIS PAINTERS, DECORATORS AND DRYWALL FINISHERS JOINT APPRENTICESHIP & TRAINING FUND; DONALD STEADMAN, Trustee, on behalf of the NORTHERN ILLINOIS PAINTING & DRYWALL INSTITUTE; and the DISTRICT COUNCIL NO. 30 OF THE INTERNATIONAL UNION OF PAINTERS AND ALLIED TRADES, AFL-CIO, a labor organization, <br><br>　　　　　　　　　Plaintiffs, <br>　　v. <br><br>DE'COR CONSTRUCTION, INC., an Illinois Corporation, and ROBERT OLSZEWSKI, in his individual capacity, and BRIDGET OLSZEWSKI in her individual capacity, <br><br>　　　　　　　　　Defendants. | Case No.　　08 CV 2770 <br><br>Judge Kocoras <br>Magistrate Judge Cole |

**ANSWER**

The Defendants, DE'COR CONSTRUCTION, INC., ROBERT OLSZEWSKI, and BRIDGET OLSZEWSKI (collectively "Defendants"), by their attorneys, Riccardo A. DiMonte and Derek D. Samz, for its Answer to the Complaint of the Plaintiffs, CHARLES E. ANDERSON, Trustee, on behalf of PAINTERS' DISTRICT COUNCIL NO. 30 HEALTH AND WELFARE FUND, PAINTERS' DISTRICT COUNCIL NO. 30 PENSION FUND, and NORTHERN ILLINOIS PAINTERS, DECORATORS AND DRYWALL FINISHERS JOINT APPRENTICESHIP AND TRAINING FUND, DONALD STEADMAN, Trustee,, on behalf of

1

the NORTHERN ILLINOIS PAINTING AND DRYWALL INSTITUTE, and the DISTRICT COUNCIL NO. 30 OF THE INTERNATIONAL UNION OF PAINTERS AND ALLIED TRADES, AFL-CIO, a legal organization, states as follows:

## COUNT I
### Jurisdiction and Venue

1.  This is an action pursuant to Section 301 of the Labor Management Relations Act ("LMRA"), 29 USC Section 185, as amended, and Section 502(a)(3) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 USC Section 1132(a)(3), to collect delinquent employee benefit fund contributions and union dues and assessments disclosed by the audit, and for injunctive relief.

**ANSWER**:   Defendants admit the allegations contained in paragraph 1.

2.  This Court has subject matter jurisdiction pursuant to 29 USC Sections 185(c) and 1132(e)(1).

**ANSWER**:   Defendants admit the allegations contained in paragraph 2.

3.  Venue in this Court is conferred by 29 USC Sections 185(a) and 1132(e)(2), because the Funds are administered in this judicial district, and the Union and Defendants transact business in this judicial district.

**ANSWER**:   Defendants admit the allegations contained in paragraph 3.

4.  The Painters' District Council No. 30 Health and Welfare Fund ("Health and Welfare Fund"), the Painters' District Council No. 30 Pension Fund ("Pension Fund"), the Northern Illinois Painters, Decorators and Drywall Finishers Joint Apprenticeship and Training Funds ("Apprenticeship Fund"), and the Northern Illinois Painting and Drywall Institute ("NIPDI") (Collectively "Funds") are employee benefit trusts and/or plans within the meaning of ERISA Section 3(3), 29 USC Section 1002(3).

**ANSWER**:   Defendants have insufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 4 and therefore neither admits nor denies the same.

5.  Plaintiff Charles E. Anderson is a fiduciary and trustee of the Health and Welfare Fund, the Pension Fund, and the Apprenticeship Fund.

**ANSWER**:   Defendants have insufficient knowledge or information to form a belief as to the

truth or falsity of the allegations of paragraph 5 and therefore neither admits nor denies the same.

6. Plaintiff Donald Steadman is a fiduciary and trustee of NIPDI.

**ANSWER**: Defendants have insufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 6 and therefore neither admits nor denies the same.

7. ERISA Section 502(a)(3), 29 USC Section 1132(a)(3), provides that a fiduciary of an employee benefit plan is authorized to commence a civil action to enforce the obligations that ERISA imposes upon employers.

**ANSWER**: Defendants admit the allegations contained in paragraph 7.

8. Plaintiff Painters' District Council No. 30 of the International Union of Painters and Allied Trades, AFL-CIO ("Union"), is a labor organization representing employees in an industry affecting commerce, as defined by LMRA Section 301(a), 29 USC Section 185(b). The Union is entitled to collect dues and defense fund assessments owed to it, and contributions owed to the Painters and Allied Trades Labor Management Cooperation Initiative ("P&AT LMCI") f/k/a the International Brotherhood of Painters and Allied Trades Labor Management Fund, from Defendants on behalf of employees covered by one or more collective bargaining agreements ("CBAs").

**ANSWER**: Defendants have insufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 8 and therefore neither admits nor denies the same.

9. Defendant, De'Cor Construction, Inc. ("De'Cor"), is an illinois corporation with its principal place of business in the State of Illinois. De'Cor is and at all times relevant has been engaged in business within this judicial district in an industry affecting commerce, as defined by LMRA Section 301(a), USC Section 185(a), and at all relevant times has been an "employer" as defined by ERISA Section 3(5), 29 USC Section 1002(5).

**ANSWER**: De'Cor admit the allegations contained in paragraph 9.

10. Defendant Robert Olszewski was at all relevant times the owner and president of De'Cor, Inc. Robert Olszewski is a resident of the State of Illinois.

**ANSWER**: Robert Olszewski admits the allegations contained in paragraph 10.

11. Defendant Bridget Olszewski was at all relevant times an officer and corporate secretary of De'Cor, Inc. Bridget Olszewski is a resident of the State of Illinois.

**ANSWER**:    Bridget Olszewski admits the allegations contained in paragraph 11.

## SPECIFIC ALLEGATIONS

12.    The Funds are third-party beneficiaries of DBAs between the Union and either the Northeast Illinois Chapter of the Painting and Decorating Contractors of America ("Association") or individual employers.  The CBAs require employers to pay contributions to the Funds for work performed by covered employees and to check off and remit dues and defense fund assessments to the Union for those employees.

**ANSWER**:    Defendants admit the allegations contained in paragraph 12.

13.    At all material times, De'Cor was a party to a series of CBAs with the Union.

**ANSWER**:    De'Cor admits the allegations contained in paragraph 13.

14.    Pursuant to the CBAs, De'Cor agreed to contribute to the Funds for each hour or portion thereof worked by employees covered by the CBAs, and to check off and remit dues and defense fund assessments to the Union for bargaining-unit employees.

**ANSWER**:    De'Cor admits the allegations contained in paragraph 14.

15.    De'Cor agreed to adopt and be bound by the provisions of the Funds' Trust Agreements ("Trust Agreements") and the rules and regulations promulgated by the Funds' Trustees under the Trust Agreements.  The Trust Agreements require De'Cor to pay continuing and prompt contributions to the Funds for work performed by covered employees in accordance with the applicable CBAs.

**ANSWER**:    De'Cor admits the allegations contained in paragraph 15.

16.    Participating employers are required to advise Plaintiffs monthly of the identity of the employees for whom contributions, dues and assessments are owed, identify each hour or portion thereof worked by and gross wages paid to those employees, and remit the amounts owed to the Funds and Union for those employees.

**ANSWER**:    De'Cor admits the allegations contained in paragraph 16.

17.    The CBAs and the Trust Agreements require participating employers to provide the Funds and Union with access to their books and records and those of their affiliated or related companies upon demand, so Plaintiffs can audit the employers' records and verify the accuracy and completeness of the hours worked by and gross wages paid to covered employees reported to the Funds and Union, and the corresponding contributions, dues, and assessments paid to the Funds and Union.

**ANSWER**:   De'Cor admits the allegations contained in paragraph 17.

18. On or about March 31, 2008, Plaintiffs finalized their audit of De'Cor for the period January 1, 2004 through December 31, 2007. The audit disclosed delinquencies of $133,830.06 (exclusive of interest, liquidated damages, fees and costs).

**ANSWER**:   De'Cor admits that Plaintiffs finalized their audit of De'Cor on or about March 31, 2008. Defendant denies that it was delinquent in contributions in the amount of equaling $133,830.06.

19. The audit report reveals that De'Cor breached the provisions of the CBAs, the Trust Agreements, ERISA, and the LMRA, by failing to report hours worked by and gross wages paid to its employees, and by failing to pay the contributions, dues, and assessments owed for those employees to the Funds and Union for the period of January 1, 2004 through December 31, 2007.

ANSWER:   De'Cor denies the allegations contained in paragraph 19.

20. Pursuant to the CBAs, the Trust Agreements, and ERISA Sections 502(g)(2) and 515, 29 USC Sections 1132(g)(2) and 1145, the Funds are entitled to contributions, interest, the greater of interest or liquidated damages, audit costs, and attorneys' fees and costs.

**ANSWER**:   De'Cor denies the allegations contained in paragraph 20.

21. Pursuant to the CBAs and LMRA Section 301(a), 29 USC Section 185(a), the Union is entitled to collect dues, assessments, and contributions. The CBA provides that delinquent contributions shall be assessed interest, liquidated damages, and attorneys' fees and costs as established by the Funds' Trustees.

**ANSWER**:   De'Cor denies the allegations contained in paragraph 21.

## COUNT II

22. Plaintiffs allege and incorporate by reference paragraphs 1 through 21 of Count I.

**ANSWER**:   Defendants incorporate their answers to paragraphs 1 through 21 of Count I as and for paragraph 22 of Count II.

23. This Court has supplemental jurisdiction over the claim set forth in Count II pursuant to 28 USC Section 1367.

**ANSWER**:   Defendants admit the allegations contained in paragraph 23.

24.     Defendant Robert Olszewski is a resident of the State of Illinois and resides within this judicial district.  Robert Olszewski is and was at all relevant times the owner and president of De'Cor, Inc.

**ANSWER**:    Robert Olszewski admits the allegations contained in paragraph 24.

25.     The CBA requires the employer, before commencing work covered by the CBA, to provide a performance or surety bond in a form acceptable to the Union and Association sufficient to pay all the contributions, dues, assessments, and wages owed under the CBA.  The bond is to be written by an authorized and licensed insurance carrier, or secured by a cash deposit of the bond's full amount in an account maintained jointly by the Trustees of the Funds receiving contributions pursuant to the CBA, or secured by personal assets that equal or exceed in value the full amount of the bond, or secured by a combination of the foregoing.  The CBA further requires that the employer maintain the bond for the duration of the CBA and six months after it terminates, and that the bond be payable upon the Union's written demand.  The CBA provides that if the employer fails to satisfy the bonding requirement, the corporate officials authorized to execute agreements or sign checks for the employer shall be personally liable for the contributions, dues, assessments, and wages owed under the CBA or the Funds' trust Agreements.

**ANSWER**:    Robert Olszewski admits the allegations contained in paragraph 25.

26.     The CBA requires that the amount of the surety bond required to be provided by the employer is determined by the number of employees working for the employers.

**ANSWER**:    Robert Olszewski admits the allegations contained in paragraph 26.

27.     De'Cor provided a $10,000 surety bond, which corresponds to a maximum of six (6) employees.

**ANSWER**:    Robert Olszewski admits the allegations contained in paragraph 27.

28.     De'Cor employed greater than six (6) employees during the relevant period.

**ANSWER**:    Robert Olszewski admits the allegations contained in paragraph 28.

29.     Robert Olszewski was at all relevant times authorized to execute documents and sign checks for De'Cor.

**ANSWER**:    Defendant admits the allegations contained in paragraph 29.

30.     De'Cor and Robert Olszewski failed to pay contributions, dues, and assessments of at least $133,830.06 (exclusive of interest, liquidated damages, fees and costs) to the Funds and the

Union as required by the CBA and the Funds' Trust Agreements.

**ANSWER**:   Defendant denies the allegations contained in paragraph 30.

31.   Robert Olszewski and De'Cor failed to provide the performance or surety bond as required under the CBA, and therefore Robert Olszewski is personally liable for the contributions, dues, and assessments owed to the Funds and Union and for additional contributions, dues, and assessments that become due in accordance with the CBA and the Funds' Trust Agreements.

**ANSWER**:   Defendant denies the allegations contained in paragraph 31.

## COUNT III

32.   Plaintiffs allege and incorporate by reference paragraphs 1 through 21 of Count I and paragraphs 22 through 31 of Count II.

**ANSWER**:   Defendant incorporates its answers to paragraphs 1 through 21 of Count I and 22 through 31 of Count II as and for paragraph 32 of Count III.

33.   This Court has supplemental jurisdiction over the claim set forth in Count III pursuant to 28 USC Section 1367.

**ANSWER**:   Defendant admits the allegations contained in paragraph 33.

34.   Defendant Bridget Olszewski is a resident of the State of Illinois and resides within this judicial district. Bridget Olszewski is and was at all relevant times an officer and corporate secretary of De'Cor, Inc.

**ANSWER**:   Defendant admits the allegations contained in paragraph 34.

35.   Bridget Olszewski was at all relevant times authorized to execute documents and sign checks for De'Cor.

**ANSWER**:   Defendant admits the allegations contained in paragraph 35.

36.   De'Cor and Bridget Olszewski failed to pay contributions, dues, and assessments of at least $133,380.06 (exclusive of interest, liquidated damages, fees and costs) to the Funds and the Union as required by the CBA and the Funds' Trust Agreements.

**ANSWER**:   Defendant denies the allegations contained in paragraph 36.

37.   Bridget Olszewski and De'Cor failed to provide the performance or surety bond as required under the CBA, and therefore Bridget Olszewski is personally liable for the

contributions, dues, and assessments owed to the Funds and Union and for additional contributions, dues, and assessments that become due in accordance with the CBA and the Funds' Trust Agreements.

**ANSWER**:   Defendant denies the allegations contained in paragraph 37.

WHEREFORE, the Defendant requests entry of judgment in its favor and against the Plaintiffs, Charles E. Anderson, Trustee, on behalf of Painters' District Council No. 30 Health and Welfare Fund, Painters' District Council No. 30 Pension Fund, and Northern Illinois Painteres, Decorators and Drywall Finishers Joint Apprenticeship and Training Fund, Donald Steadman, Trustee,, on behalf of the Northern Illinois Painting and Drywall Institute, and the District Council No. 30 of the International Union of Painters and Allied Trades, AFL-CIO, a legal organization, on all counts of the Plaintiffs' complaint, and any further relief this Court deems just.

       /s/   Riccardo A. DiMonte
       Attorney for De'Cor Construction, Inc.

Riccardo A. DiMonte, #6191706
Derek D. Samz, #6290656
DiMonte & Lizak, LLC
216 West Higgins Road
Park Ridge, Illinois 60068
847-698-9600
847-698-9623 (fax)
dsamz@dimontelaw.com

C:\MyFiles\Carol\DDS\De'Cor Construction\Chas. E. Anderson, Painters Dist. Council No. 30\answer.wpd