IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHARLES E. ANDERSON, Trustee, on behalf of PAINTERS' DISTRICT COUNCIL NO. 30 HEALTH AND WELFARE FUND, PAINTERS' DISTRICT COUNCIL NO. 30 PENSION FUND, and NORTHERN ILLINOIS PAINTERS, DECORATORS AND DRYWALL FINISHERS JOINT APPRENTICESHIP & TRAINING FUND; DONALD STEADMAN, Trustee, on behalf of the NORTHERN ILLINOIS PAINTING & DRYWALL INSTITUTE; and the DISTRICT COUNCIL NO. 30 OF THE INTERNATIONAL UNION OF PAINTERS AND ALLIED TRADES, AFL-CIO, a labor organization,<br>　　　　　　　　Plaintiffs,<br>　v.<br>DE'COR CONSTRUCTION, INC., an Illinois Corporation, and ROBERT OLSZEWSKI, in his individual capacity, and BRIDGET OLSZEWSKI in her individual capacity,<br>　　　　　　　　Defendants. | Case No.　　08 CV 2770<br><br>Judge Kocoras<br>Magistrate Judge Cole |

## MOTION TO VACATE DEFAULT JUDGMENT

The Defendants, DE'COR CONSTRUCTION, INC. ("De'Cor"), Robert Olszewski and Bridget Olszewski, (collectively, "Defendants") by their attorneys, Riccardo A. DiMonte and Derek D. Samz, pursuant to Federal Rules of Civil Procedure 59 and 60(b)(1), brings this Motion to Vacate Default Judgment entered July 22, 2008. In support thereof, De'Cor states as follows:

1.　　On May 14, 2008, the Plaintiff filed its complaint and had issued summons against Defendants.

2.　　On May 15, 2008, Defendants served with a copy of the summons and complaint.

1

3. On July 16, 2008, the Defendant's filed their answer to the Platiniff's Complaint.

4. The same day, Plaintiff's filed a motion for default judgment against the Defendants.

5. On July, 2008, a default judgment was entered against the Defendants.

6. Federal Rule of Civil Procedure states in pertinent part that

> on a motion for a new trial in an action tried without a jury, the court may open the judgment if one has been entered, take additional testimony . . . and direct the entry of a new judgment."

7. Federal Rule of Civil Procedure 60(b)(1) states in pertinent part, that

> on motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable negligence.

8. Upon receipt of the motion for default judgment, the Defendants' counsel inadvertently docketed the date of presentment of the motion as July 24, 2008 instead on July 22, 2008.

9. The Defendants' counsel inadvertent mistake constitutes excusable neglect.

10. Courts weigh a variety of factors when considering whether exceptional circumstances warrant Rule 60(b)(1) relief, including but not limited to the following: (1) need to protect finality of judgments; (2) appropriateness of appeal as alternative grounds for relief; (3) desire to try to issue on the merits; (4) timeliness of the motion; (5) whether a decision has yet been rendered on the merits; (6) whether a meritorious claim or defense exists which the movant has not yet had an opportunity to present; and (7) the extent to which the adverse party would be prejudiced by the requested relief. *Id.* at 45.

11. In this case, this motion is filed within seven (7) days of the entry of the default

judgment, and no decision has been rendered on the merits.

12. The Defendants' have a meritorious defense, which they have not had the opportunity to present, and Plaintiff will not be prejudiced by the vacating of the judgment. Defendants' defense is based on the fact that the amount of the default judgment greatly exceeds the value of De'Cor's benefit contribution obligations for the time period alleged in the Plaintiffs' Complaint. Defendants' possess financial and business records to support its defense.

13. Weighing these factors against the Court's need to protect the finality of judgments, the balancing of the equities favors the Court entering an order vacating the default judgment entered against the Defendants.

14. It is in the interests of justice for the Court to vacate the default judgment and allow the Defendants to present their defense to the Court.

WHEREFORE, Defendants, De'Cor Construction, Inc., Robert Olszewski and Bridget Olszewski request the Court enter an order vacating the default judgment entered July 22, 2008, and for any further relief the Court deems just.

Respectfully submitted,

/s/ Derek D. Samz
Attorney for De'Cor Construction, Inc.

Riccardo A. DiMonte, #6191706
Derek D. Samz, #6290656
DiMonte & Lizak, LLC
216 West Higgins Road
Park Ridge, Illinois 60068
847-698-9600
847-698-9623 (fax)
dsamz@dimontelaw.com
C:\MyFiles\DDS\decor dist 30 motion to vacate 7-29-08.wpd

3